# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE:<br><br>JEAN VÁZQUEZ MORALES and<br>MADELINE DELGADO MALDONADO<br><br>**Debtors** | CASE NO. 14-05075 BKT<br>**Chapter 13** |
| JEAN VÁZQUEZ MORALES,<br>MADELINE DELGADO MALDONADO<br>and THE CONJUGAL PARTNERSHIP<br>CONSTITUTED BETWEEN THEM<br><br>**Plaintiffs**<br><br>vs.<br><br>PUERTO RICO TREASURY<br>DEPARTMENT, through its Secretary,<br>MELBA ACOSTA FEBO, and<br>SECRETARY OF JUSTICE, CÉSAR<br>MIRANDA RODRÍGUEZ;<br>COMMONWEALTH OF PUERTO<br>RICO, through its Secretary of Justice,<br>CÉSAR MIRANDA RODRÍGUEZ<br><br>**Defendants** | Adversary No. 14-00231 BKT<br><br><br><br><br><br><br><br>**FILED & ENTERED ON 04/09/15** |

## OPINION AND ORDER

Before this Court is *Motion to Dismiss Pursuant to Rule 12(b)(6)* filed by Defendant, Treasury Department of Puerto Rico ("Defendant" or "Treasury Department") [Dkt. No. 16], and *Opposition to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)* filed by Plaintiffs, Jean Vázquez Morales ("Mr. Vázquez"), Madeline Delgado Maldonado ("Ms. Delgado"), and the

1

conjugal partnership between them (collectively with Mr. Vázquez and Ms. Delgado "Plaintiffs") [Dkt. No. 26]. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED in part, and GRANTED in part.

## I. Factual Background

On June 20, 2014, Plaintiffs filed for relief under Chapter 13 of the Bankruptcy Code. Plaintiffs acknowledged Defendant's claim of $13,525.98 in their Schedule D. They further included Defendant in their matrix for local noticing, and duly notified Defendant of their bankruptcy filing.

On August 26, 2014, Defendant sent Mr. Vázquez's employer a notice of wage garnishment. In said notice, Defendant sought to garnish 25% of Mr. Vázquez's salary based on taxes owed to the Defendant from the following years: 2003, 2005, and 2012. On September 12, 2014, Defendant cancelled Mr. Vázquez's garnishment, and notified the same to his employer. As a result, Defendant never garnished any of Mr. Vázquez's wages.

Shortly thereafter, on September 20, 2014, Plaintiffs filed the above captioned adversary proceeding pursuant to Federal Rule of Civil Procedure 7001(7) & (9). In their complaint, Plaintiffs note that the filing of the bankruptcy petition effectuates the automatic stay pursuant to Section 362 of the Bankruptcy Code. They allege that Defendant had knowledge of their bankruptcy petition, and was informed of the stay of all collection efforts and the commencement or continuation of actions against the Plaintiffs. Regardless of the aforementioned, Plaintiffs allege that the Defendant willfully violated the automatic stay provision. Wherefore, Plaintiffs request this Court: (1) Order the Defendant to cease and desist any and all collection efforts; (2) Order the Defendant to withdraw the notification of wage

2

garnishment issued to Mr. Vázquez's employer; (3) Order the Defendant to refund any wages garnished; (4) Order the Defendant in contempt of court for willfully violating the automatic stay provision; (5) Declare the Defendant's policies and practices unlawful and in willful violation of Section 362; (6) Enjoin the Defendant from continuing its policies and practices; (7) Award them with $15,000.00 for actual damages including emotional damages and no less than $100,000.00 for punitive damages; and (10) Award them reasonable attorney's fees and expenses.

On December 11, 2014, Defendant filed its *Motion to Dismiss Pursuant to Rule 12(b)(6)* [Dkt. No. 16]. In said motion, Defendant admits to having delivered the notification of wage garnishment at issue, but alleges that Plaintiffs failed to state a claim upon which relief may be granted. As a preliminary matter, Defendant argues that this Court has no jurisdiction over it as the Defendant has not waived its sovereign immunity. The court notes that at the time of the motion to dismiss' filing, Defendant had not filed a proof of claim. However, on December 17, 2014, Defendant filed proof of claim 10-1, in which it claims a $9,922.09 credit over the Plaintiffs. Secondly, Defendant argues that the garnishment notification does not constitute a violation of the automatic stay as it never took effect. Defendant notes that it cancelled Mr. Vázquez notification of garnishment as soon as it was notified of Plaintiffs' bankruptcy voluntary petition. The Defendant reasons that because the notification of garnishment did not result in monetary loss, there was no violation of the automatic stay as the Plaintiffs status quo remained the same. Finally, Defendant argues that the case should be dismissed because Plaintiffs are not entitled to punitive damages.

On February 9, 2015, Plaintiffs filed their *Opposition to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)* [Dkt No. 26]. Plaintiffs' response is two-fold. First, Plaintiffs argue

3

that this Court does have jurisdiction over the matter at hand. Second, they argue that Defendant did in fact violate the automatic stay by sending a notification of garnishment of salaries to Mr. Vázquez's employer. Relying on their complaint, Plaintiffs argue that based on the elements of their action, they did state a claim upon which relief may be granted.

## II. Standard of Review

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings. Under Fed. R. Civ. P. 12(b)(6), dismissal is proper for  "failure to state a claim [upon which relied can be granted] only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 52 (1st Cir.1990)). Specifically, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Acosta, 464 B.R. 86, 90 (Bankr. D.P.R. 2011) (citing Twombly, 550 U.S. at 556). Furthermore, "determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor." Grillasca-Palou v. U.S. Postal Serv., 573 F. Supp. 2d 495, 494 (D.P.R. 2008) (citing Correa–Martinez, 903 F.2d at 51). However, in an opposition to a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v.

4

Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

### III.    Legal Analysis

Defendant argues that Plaintiffs failed to state a claim upon which relief may be granted as: (1) This Court does not have jurisdiction to attend the matter; (2) There has been no violation of the automatic stay; and (3) The court may not award punitive damages against the Defendant.

### 1. Whether the court has jurisdiction.

It is undisputed that the Defendant is a governmental unit.[1] As such, Defendant argues that this Court has no jurisdiction to attend the matter at hand, as Defendant has not waived its sovereign immunity. Pursuant to Section 106(b) of the Bankruptcy Code:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106. At the time of the motion to dismiss' filing, Defendant had not filed a proof of claim. However, on December 17, 2014, Defendant filed proof of claim 10-1, in which it claims it is entitled to $9,922.09 from the Plaintiffs.  By filing the aforementioned proof of claim, the Defendant has waived its immunity. Therefore, the Defendant's argument that the court lacks jurisdiction to attend the matter is DENIED as moot.

---

[1] "The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C.A. § 101(27).

**2. Whether Plaintiffs' failed to state a claim for violation of the automatic stay upon which relief may be granted.**

The heart of the Plaintiffs' complaint is their claim for damages as result of the Defendant's alleged violation of the automatic stay. A voluntary case filed under any chapter of the bankruptcy code operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a). "The automatic stay imposes on non-debtor parties an affirmative duty of compliance." In re Otero López, 492 B.R. 595, 607 (Bankr. D.P.R. 2013) (citing Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir.2010)). When the automatic stay is violated, Section 362(k) of the Bankruptcy Code provides debtors with the means to seek redress: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1). "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." In re Slabicki, 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012).

From the face of the complaint, it appears plausible that Plaintiffs have met with the first requirement. The Defendant does not have free leeway to garnish "the bankruptcy estate's funds to pay a pre-petition tax debt." In re Lopez, 492 B.R. 595, 604 (Bankr. D.P.R. 2013); *see also* In re Garcia, 2012 WL 5439021, at *6 (Bankr. D.P.R. Nov. 5, 2012) (denying the Puerto Rico Treasury Department's argument that a Notice of Attachment is not a collection effort, and holding that it was more than a collection effort, it was a garnishment and preempted by the Bankruptcy Code). In their complaint, Plaintiffs allege that Defendant delivered a notification of wage garnishment to Mr. Vázquez's employer. In its motion to dismiss, Defendant admits to having delivered the notification of wage garnishment at issue. Thus, it appears plausible that the first element of a claim for violation the automatic stay is met.

The second element requires that the violation be willfully committed. Slabicki, 466 B.R. at 578. "The standard for a willful violation of the automatic stay . . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir.1999).  It is a debtor's responsibility to provide creditors with actual notice, however it is a creditor's burden to prevent violations of the automatic stay once it receives actual notice. Id. "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id. In their complaint, Plaintiffs allege to have noticed Defendant of their bankruptcy petition and of the automatic stay. Defendant does not refute said notification. Therefore, as the court must presume that the violation was deliberate, it appears plausible that the second element of a claim for violation the automatic stay is met.

7

Lastly, Plaintiffs have the burden of proving that they suffered damages as a result of the violation of the automatic stay. Slabicki, 466 B.R. at 578. Emotional damages qualify as "actual damages" under Section 362(h). Fleet Mortgage Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). Undoubtedly, human "emotions can wreak havoc with our nervous system, often having physical side effects." In re Holden, 226 B.R. 809, 812 (Bankr. D. Vt. 1998). This requires the "need to hear medical testimony as to how deep the suffering was, if any, and review the medical records, to the extent they are properly admitted." Id. As a result of the alleged actions perpetrated by the Defendants, Plaintiffs request actual damages in the amount of no less than $15,000.00, for the Plaintiffs suffering, mental anguish, and the deliberate disruption of their rehabilitation efforts. Additionally, an individual injured by any willful violation of the automatic stay is entitled to recover costs and attorneys' fees. 11 U.S.C. § 362(k)(1). In their Complaint, Plaintiffs request said relief. This leads the court to believe that it is plausible that the third element of a claim for violation the automatic stay is met. Therefore, given that "the [Plaintiffs'] pleaded factual content allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged," Defendant's motion to dismiss the Plaintiffs' claim for violation of the automatic stay is DENIED. Acosta, 464 B.R. at 90 (citing Twombly, 550 U.S. at 556).

**3. Whether the court may grant the Plaintiffs' request for punitive damages.**

Among the relief requested, Plaintiffs request an award of punitive damages against the Defendant. The Defendant argues that such relief may not be granted. "Notwithstanding the bankruptcy court's power to award damages under 11 U.S.C. § 362(k)(1) and its statutory contempt powers under 11 U.S.C. § 105(a), a court may not award damages against . . . [a

8

governmental unit] unless sovereign immunity has been expressly and unequivocally waived." In re Duby, 451 B.R. 664, 670 (1st Cir. BAP 2011). As mentioned *supra*, Defendant has waived its sovereign immunity, however "punitive damages are expressly excepted from the waiver of sovereign immunity." Id. (citing 11 U.S.C. § 106(a)(3)). Consequently, this Court lacks the ability to impose punitive damages against the Defendant, and therefore, GRANTS Defendant's motion to dismiss the Plaintiff's request for punitive damages.

### IV. Conclusion

WHEREFORE, IT IS ORDERED that Motion to Dismiss filed by Defendant shall be, and it hereby is, DENIED as to: (1) Defendant's alleged sovereign immunity; and (2) Plaintiffs' alleged failure to state a claim of violation of the automatic stay upon which relief may be granted; and GRANTED in regards to Plaintiffs' request for punitive damages.

In San Juan, Puerto Rico this 9th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

9